## THE STATE *v.* ISAIAH BELL ET AL.

1. CRIMINAL LAW. *Scire facias in Supreme Court. Sufficiency of plea.*

   B., having been convicted of an assault with intent to kill, appealed to this court and gave an appearance-bond, under sect. 2842 of the Code of 1871. He failed to appear in this court as required by his bond, and a judgment *nisi* was rendered against him and his sureties, upon which a *scire facias* was issued. The sureties pleaded that no *supersedeas*-bond was executed by B., and no affidavit made of his inability to give the bond, as provided in the section above referred to. *Held*, that if B. was not discharged from custody on his appearance-bond, no judgment can be rendered against his sureties; but if such was the fact, it should have been pleaded, and it is not sufficient that other facts were pleaded from which that one may be inferred.

2. PLEADING. *Admissions by demurrer. Facts stated. Inferences.*

   A demurrer to a plea admits the facts stated in the plea, but does not admit others which may be inferred from those stated.

SCIRE FACIAS in Supreme Court.

The character of the proceeding and the judgment therein are stated in the opinion of the court.

*T. C. Catchings*, Attorney-General, for the State.

The defendants cannot, under their plea, make the point that it does not appear that Bell was discharged on his bond. If that is a fact, they should have pleaded it. By not doing so, they admit that he was discharged; they admit that there is no defence to the *scire facias* except the one presented. *Prima facie* the bond is good, and it devolves upon the defendants to show its invalidity. They must be confined to the issue made by their plea.

*T. C. Catchings*, Attorney-General, also made an oral argument.

*L. Brame* and *J. A. Brown*, for the defendants.

As no *supersedeas* was taken, and the prisoner was not discharged, the recognizance or appearance-bond is void. It was entered into by the sureties in contemplation of a *supersedeas*, and could not be operative until the cost-bond was taken. Even if Bell had been released without any cost-bond, it would have been an escape, and not covered by this bond. *The State v. Bartlett*, 30 Miss. 624; *United States v. Tingey*, 5 Port.

115.   The presumption from the facts stated in the plea is that the sheriff did not release Bell, because it would have been illegal.   *Ex parte Bell*, 56 Miss. 282.   This bond was not enforceable until the cost-bond was taken, prior to which it was no bond.   *Butler* v. *Alcus*, 51 Miss. 49.

*J. A. Brown* and *L. Brame* made oral arguments also.

COOPER, J., delivered the opinion of the court.

Isaiah Bell was convicted in the Circuit Court of Chickasaw County of an assault with intent to kill.   He prosecuted an appeal from the judgment, and gave an appearance-bond with W. F. Tucker and Alex. Moore as sureties.   Failing to appear in accordance with the condition of his bond, the judgment was affirmed ; and a judgment *nisi* was taken against him and the sureties on his bond, and a *scire facias* was issued against them to appear and show cause why the judgment should not be made final.   To this the sureties now plead that no *supersedeas*-bond was executed by Bell, and no affidavit was made by him of his inability to give one.   To this plea the attorney-general demurs.

If the principal was, in fact, never discharged from custody because of the appearance-bond, no judgment can be rendered against the sureties.   But if this was the fact, it is incumbent on the sureties to plead and prove it, for it is affirmative matter in discharge of their obligation.   It is not sufficient for them to plead other facts from which it may be inferred. *United States* v. *Bradley*, 10 Pet. 343.

It may be true that the defendant Bell did not execute a bond to supersede the judgment ; but if he did not, and was nevertheless discharged from custody upon the appearance-bond, he ought to have appeared in conformity with its obligation.   If, because of his failure to give the *supersedeas*-bond, or to make the oath required by law of his inability to do so, he was retained in custody notwithstanding the execution of the appearance-bond, and, not being at liberty, could not

appear in discharge of his obligation, the facts ought to have been pleaded.

The demurrer admits the facts set up in the plea, but it does not admit others which may be inferred from those admitted. The facts pleaded are not in themselves sufficient to bar the recovery sought. The demurrer will therefore be sustained, and as there is in the record a written agreement that no further pleading will be filed, judgment final will be entered.